IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISON

| | |
|---|---|
| FELICIA PEEK, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 6:20-cv-238 |
| ) | |
| LAKE AREA COLLECTIONS, L.L.C. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Felicia Peek, by and through the undersigned counsel, and for her Complaint against Defendant, Lake Area Collections, L.L.C., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

## JURISDICTION

1. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

2. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

3. Plaintiff resides in the city of Ben Wheeler, a part of Van Zandt County, Texas, 75771.

4. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Ben Wheeler, a part of Van Zandt County, Texas 75754, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

5. Defendant LAC, a Louisiana corporation headquartered in Lake Charles, Louisiana, practices as a debt collector throughout the country, including Texas.

6. Defendant LAC attempts to collect alleged debts throughout the state of Texas, including in Ben Wheeler city and Van Zandt county.

7. Defendant LAC has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

8. Defendant LAC has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Ben Wheeler city and Van Zandt county and Defendant attempts to collect alleged debts throughout the state of Texas.

9. Defendant LAC knowingly attempted to collect on a debt allegedly incurred in Ben Wheeler, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

10. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

11. Defendant's collection activities violated the FDCPA.

12. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

13. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws

and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

14. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## **PARTIES**

15. Plaintiff, Felicia Peek (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

16. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

17. Defendant Lake Area Collections, L.L.C. ("LAC") is a Louisiana corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 128 Arlington Drive, Building G, Lake Charles, Louisiana 70605.

18. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

19. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20. LAC is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

21.  LAC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

22.  Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than LAC.

23.  Upon information and belief, on a date better known by LAC, LAC began to attempt to collect an alleged consumer debt from the Plaintiff.

24.  On or about May 7, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

25.  The alleged debt was said to be owed for medical attention and therefore would only have been used for personal or family purposes.

26.  The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

27.  The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.  During the telephone call, Plaintiff informed Defendant's representative she was disputing the alleged debt.

29.  At that time, instead of marking the account as disputed and ending the phone call, Defendant's representative stated that if the hospital does not send over insurance with the initial bill, then Plaintiff only had a year to seek payment from insurance.

30.  Plaintiff explained again that she wanted to dispute the alleged debt.

31.  Defendant's representative then asked if Plaintiff has a reason to dispute the alleged debt.

32.  Plaintiff is entitled to dispute the alleged debt for any reason, or even no reason at all. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to

dispute the validity of a debt for a good reason, a bad reason, or no reason at all), <u>Whitten v. ARS National Servs. Inc.</u>, 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), <u>Castro v. ARS National Servs., Inc.</u>, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), <u>Frey v. Satter, Beyer & Spires.</u>, 1999 WL 301650 (N.D. Ill. May 3, 1999).

33. Asking for a reason to dispute the alleged debt only adds more requirements and hurdles to disputing an alleged debt in violation of the FDCPA.

34. Defendant's representative then went on to tell her that the alleged debt was her responsibility.

35. Defendant's representative next went on to tell Plaintiff that she could send something in writing, but that it would leave the accounts as outstanding on her credit.

36. It is well settled that § 1692 does not impose a writing requirement on a consumer. See, <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn. 2007), <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, 464 F.Supp.2d 720 (N.D. Ohio 2006), <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F.Supp.2d 1273 (S.D.Fla. 2006), <u>Turner v. Henandoah Legal Group, P.C.</u>, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), <u>Vega v. Credit Bureau Enters.</u>, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), <u>Nasca v. GC Servs. Ltd. P'ship</u>, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), <u>In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig.</u>, 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), <u>Sambor v. Omnia Credit Servs., Inc.</u>, 183 F.Supp.2d 1234 (D.Haw. 2002), <u>Sanchez v. Robert E. Weiss, Inc.</u>, 173 F.Supp.2d 1029 (N.D. Cal. 2001), <u>Castro v. ARS Nat'l Servs., Inc.</u>, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), <u>Ong v. Am. Collections Enter.</u>, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), <u>Reed v. Smith, Smith & Smith</u>, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), <u>Harvey v. United Adjusters</u>, 509 F.Supp.1218 (D.Or. 1981), <u>Semper v. JBC Legal Group</u>, 2005 WL 2172377 (W.D.

Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

37. Moreover, Defendant's representative could have no other purpose in bringing up Plaintiff's credit unless she were intending to dissuade Plaintiff from disputing the alleged debt.

38. Defendant's representative then went on to say that the best thing Plaintiff could do is to pay the accounts in full to get them off of her credit, but if she started making payments it would help.

39. There are several different reasons an account may be removed from a credit report, yet Defendant's representative only told Plaintiff to pay the account. Defendant's representative failed to mention that disputing the alleged account would alter her credit at all.

40. Defendant's representative's only purpose could be to convince Plaintiff to make a payment in an attempt to protect and save her credit.

41. Thereafter, Plaintiff asked to dispute the alleged debt for the third time.

42. Defendant's representative chose to laugh at Plaintiff before telling her again to send in a letter for each account she wished to dispute.

43. Laughing at Plaintiff is entirely inappropriate and abusive.

44.     Defendant's representative oppressed Plaintiff's rights by not immediately ceasing communication after acknowledging the dispute of the alleged debt.

45.     All of LAC's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

46.     Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the LAC.

47.     Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by LAC.

48.     Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by LAC.

49.     Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

50.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of LAC.

51.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

52.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

53. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

54. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

55. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

56. Defendant's collection efforts only serve to confuse and mislead the consumer.

57. Defendant's collection efforts were materially false, misleading, and deceptive.

58. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Felicia Peek, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Felicia Peek, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

59. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

60. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

61. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

62. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Felicia Peek, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Felicia Peek and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA – Unfair Practices

63. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

64. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

65. Defendant's communications with Plaintiff were deceptive and misleading.

66. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

67. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Felicia Peek, prays that this Court:

    D.    Declare that Defendant's debt collection actions violate the FDCPA;

    E.    Enter judgment in favor of Plaintiff Felicia Peek and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    F.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

68.    Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 7, 2020.

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com

*Attorneys for Plaintiff*